The opinion of the Court was delivered by

Wasdlaw, Cs.

The tribunal of dernier resort in this State, (Jaggers vs. Estes, 2 Strob. Eq. 343,) has determined conclusively that a donor by a deed, without naming trustees, may convey an interest in remainder in a chattel after reserving a life estate „to himself, if it be apparent from the construction of the whole instrument of gift, that a present title was intended to pass irrevocably to the donee, and that the enjoyment only was postponed. Nevertheless it follows from the definition of a will, a lawful disposal of one’s estate to take effect after his death, (Carthew, 38; 1 Swinb. 25; Co. Litt. 111,) that the postponement of enjoyment by the donee, until the death of the donor, still leads to the conclusion, in any controversy whether an instrument of gift be an irrevocable deed or testamentary, that the instrument is testamentary, unless it may be fairly demonstrated from the text and context, that a future interest was presently and irrevocably given. The prominent distinction between a will and a deed is, that a will has no operation until the death of the testator, and that a deed must take effect on its execution, and immediately pass the estate or interest given, although it is not essential that this interest shall immediately pass into the possession of the donee. If the interest created do not arise until the death of the donor or some other future time, the instrument cannot be a deed, although it may be so denomi *116 nated by the maker, may have express words of immediate grant, may have sufficient consideration to support a grant, and may be formally delivered. Hixon vs. Withand, 1 Ch. Ca. 248; Pronde vs. Green, 1 Mod. 117; Shargold vs. Shargold, 2 Ves. 440; Habergham, vs. Vincent, 2 Ves. Jr. 231; Allison vs. Allison, 4 Hawks, 141. On the other hand, if the provisions of the instrument be testamenta^ in their character, — if the intention of the maker to dispose of his estate after death be sufficiently manifested, and this intention be lawful in itself, and the writing have the statutory formalities, the instrument will operate as a will, whatever may be its form. Lawson vs. Lawson, 1 P. Wms. 440; Hall vs. Hewer, Ambler, 203, and the cases cited supra. The instrument, the character of which we are considering, does not call itself a deed, as the instrument in Wheeler vs. Durant, 3 Rich. Eq., 453, did; which was 'the principal foundation of the doubts expressed in that case concerning the testamentary character of the writing there in controversy. It does not profess to have been delivered, and the omission of the internal evidence of this fact of delivery, which fact is essential in the execution of a deed, is a principal ground in Ragsdale vs. Booker, 2 Strob. Eq. 248, for holding the writing there in question to be testamentary. It contains no unequivocal words of immediate grant; for the word “ give” is quite as appropriate and as commonly used in a will as a deed; the word “ make,” utterly unintelligible in some of the instances of its employment here, is in all the instances as applicable to a will as a deed; and the word “ bequeath” is characteristic of a will, and controls the other equivocal words of gift.
This paper has the salutatory words commonly employed in a deed, “ know all men by these presents,” but these words are in no respect contradictory of a will; and similar, even stronger words, were used in instruments adjudged to be testamentary in the cases of Habergham vs. Vincent, and Allison vs. Allison, and see Alexander vs. Burnett, 5 Rich. 189. It *117 omits moreover in the attestation the characteristic words of a deed, “signed, sealed and delivered,” so well known and used as to be familiar to the most ignorant scriveners, and employs instead the words “ made and executed” confessedly equivocal, but rather pertinent to a will than a deed. It also has a seal, but this concludes nothing, for seals, however unnecessary, are generally appended to wills. It was delivered to the donee or deposited with him, but the property was not delivered, and the instrument is not a symbolic delivery of the property, unless present title was intended to be conveyed. It has in addition to the good consideration, of maternal, affection, the nominally valuable consideration of one dollar, yet this circumstance, although certainly unusual in formal wills, occurred in some of the cases which have been cited and was treated as inconsequential and insignificant.- It has an informal habendum and tenendum clause, and such clause is usual in deeds conveying real estate, not common in bills of sale and more unusual in wills, yet not inconsistent with testamentary dispositions; and the words “to have and to hold the said negroes Harriet and Ellen,” immediately follow the phrase “ with their future issue and increase,” at least unnecessary when a present title even with deferred possession is intended to pass, and they are immediately followed by the phrase “to be at his (the donee’s) disposal, when and wherever he may think fit or appoint" This latter phrase might possibly in an instrument otherwise definite in character as a deed, receive the interpretation, that the donee whenever it was matter of convenience to him, might dispose of the chattels by ‘absolute or conditional sales before he. came into possession, but to my perception the phrase contains a strong implication, that some act future to the execution of the instrument, was to be done by the donee before his title vested. The slaves were to be his property and “at his disposal” whenever in time to come he should think fit or determine to take them on the conditions and charges imposed. He was to ‘appoint’ *118 this time. Also the nature of these charges, that the donee, when he came into possession of the slaves, at donor’s death, should pay certain sums of money to other descendants of the donor, without the creation of any lien on the property given, affords some indication that the writing was intended to he testamentary. Then the double execution of the instrument, although certainly on the same day, and before the same witnesses and probably in immediate sequence, manifests to some extent that the appendix was a codicil, and that the whole instrument was intended to be revocable, and this manifestation receives some additional force from the nature of the requirement in the appendix, that the donee should settle the slaves upon another in case of his death without leaving issue.
It is argued that the judgment of the Court of Law in Alexander vs. Burnett, 5 Rich. 189, is opposed to the conclusion to which this reasoning tends. But in that case words of immediate grant inappropriate to a will, 11 grant, bargain and sell,” were used, there was an express warranty, the instrument was intrinsically denominated a deed, and the property was actually delivered, and all the forms of a deed were observed. It did contain words “ this deed of gift to be of no effect whatever, until my (donor’s) death,” which might well divide opinions, and upon which the judges did differ, but without contesting the judgment of the majority that these words referred to, enjoyment and not to title, the case is palpably distinguishable from the one in hand.
Upon the construction of the whole instrument now in question, we are of opinion that it is testamentary, and that as it lacks the number of witnesses required by our statutes for testaments, it does not obstruct the relief sought by plaintiffs. It is ordered and decreed, that the circuit decree be affirmed and the appeal dismissed.
Johnston, Dunkin and DARGAN, 00., concurred.
Appeal dismissed.